FILED
2013 Apr-01  AM 11:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| ROBERT RUSSELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 3:13-cv-8007-LSC-RRA |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OF OPINION

This is a motion to vacate, set aside, or correct a sentence, brought by a federal prisoner, under 28 U.S.C. § 2255. The movant, Robert Russell, was convicted in this court on September 8, 2011, of one count of mail fraud in violation of 18 U.S.C. § 1341 (Count 11), and one count of conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1349, 1341 (Count 13). He was sentenced on December 8, 2011, to a term of imprisonment for 87 months as to Counts 11 and 13, separately, with each count to run concurrently with the other, to be followed by a term of supervised release for 36 months.

Russell appealed his convictions, claiming that: 1) concerning Count 13, the government did not present objective evidence showing that he conspired with others to use a computer to unlawfully order controlled substances; and 2) concerning Count

11, no evidence was produced that he provided false information, records or identification on October 27, 2008, to obtain drugs in Carla Pigg's name.

On December 12, 2012, the Eleventh Circuit Court of Appeals issued an unpublished opinion, affirming Russell's convictions for mail fraud and mail fraud conspiracy.  The mandate was issued on January 11, 2013.

Russell has now filed a § 2255 motion to vacate, set aside or correct his sentence.  In support of his motion, Russell claims, among other things, that this Court's excessive sentencing violated his Fifth, Sixth, and Fourteenth Amendment Rights to have a jury rule on any aggravating sentencing factors used to enhance his sentence.[1]  This Court stated in an order dated March 26, 2013, that it will decide Russell's claim of abuse of judicial discretion/excessive sentencing.[2]  (*See* Doc. 5.)

## PROCEDURAL DEFAULT

Russell's abuse of judicial discretion/excessive sentencing claim is barred by procedural default because he did not raise it on direct appeal.  The Supreme Court has noted that § 2255 is not a substitute for direct appeal.  *Sunal v. Large*, 332 U.S.

---

[1] Russell also raised three other claims in his § 2255 motion: 1) "Ineffective Assistance of Counsel;" 2) "Prosecutorial Misconduct;" and 3)"Procedural Default/Miscarriage of Justice/Actual Innocence."

[2] This Court referred Russell's other three claims to the Honorable Robert R. Armstrong, U.S. Magistrate Judge, for a report and recommendation.  (*See* Doc. 5.)

174, 178 (1947). "In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding." *Greene v. United States,* 880 F.2d 1299, 1305 (11th Cir. 1989), *cert. denied*, 494 U.S. 1018 (1990).  "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1994).  If a defendant fails to pursue an available claim on direct appeal, he is barred from presenting the claim in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error.  *Id; see also Cross v. United States,* 893 F.2d 1287, 1289 (11th Cir. 1990), *cert. denied,* 498 U.S. 849 (1990).  "[A] prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that 'some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule,' or that his attorney's performance failed to meet the *Strickland* standard for effective assistance of counsel."  *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997).  In addition to showing cause, the movant must also demonstrate that he was prejudiced.  To show prejudice, he must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional

dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause or prejudice, to correct a fundamental miscarriage of justice. *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002) (quoting *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent")).

On direct appeal, Russell challenged only his convictions, and not his sentence. Thus, he is barred from raising his excessive sentencing claim in his § 2255 motion, unless he can show cause and prejudice. Russell has offered nothing in his § 2255 motion and supporting brief that would excuse the procedural default of his excessive sentencing claim. Indeed, Russell merely states that he "appealed the conviction which should have included the sentence." As the aforementioned authorities make clear, that is not the law.

As noted, a meritorious claim of ineffective assistance of counsel can constitute cause to excuse procedural default in some circumstances. *See Reece*, 119 F.3d at 1465. However, this rule does not apply in this case because Russell never argues that his appellate counsel was ineffective for failing to raise the abuse of judicial

discretion/excessive sentencing issue on direct appeal.   Rather, his ineffective assistance of counsel claim is limited to his counsel's representation of him at the trial level, and he makes no ineffective assistance of counsel argument whatsoever with respect to his direct appeal.[3]

Finally, Russell's fourth claim, "Miscarriage of Justice/Actual Innocence," is that he is actually innocent of the crime for which he was convicted.   In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court elaborated on the fundamental miscarriage of justice exception and the necessity of showing innocence.   To meet this exception, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 327. The standard focuses on the *actual* innocence of the petitioner.    *Id.*   To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.   *Fortenberry*, 297 F.3d at 1222.   This Court has referred Russell's actual innocence claim to the U.S. Magistrate Judge for a report and recommendation. Should the Magistrate Judge recommend, and this Court accept, that Russell's conviction be reversed due to his actual innocence, this Court will, upon proper

---

[3] Russell had different counsel at the appellate level and at the trial level.  In his brief in support of his § 2255 motion, Russell actually requests that the Court appoint the same individual who served as his appellate counsel to represent him if the Court grants him a new trial or evidentiary hearing.  This request further emphasizes that Russell's ineffective assistance of counsel claim is not directed at his appellate counsel.

motion by Russell, address whether the fundamental miscarriage of justice exception excuses Russell's procedural default on the abuse of discretion/excessive sentencing claim.

Russell has procedurally defaulted on his abuse of judicial discretion/excessive sentencing claim, and he has not established cause and prejudice to excuse the default. Thus, the claim is due to be dismissed.  An appropriate order will be entered.

Done this <u>1st</u> day of <u>April 2013</u>.

L. Scott Coogler
United States District Judge
[160704]

6